

**DANIEL MESSELOFF**
**FOUNDING PARTNER**
Pierson Ferdinand LLP
1468 West 9th Street, Suite 100
Cleveland, OH 44101
Direct: (216) 346-3824
Email: dan.messeloff@pierferd.com

July 8, 2025

**Via ECF**

The Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

**Re: Response to Motion to Relate *Calderon, et al. v. Public Partnerships, LLC*, 25-cv-02320 (ARR)(MMH) to *Engesser, et al. v. James v. McDonald*, 25-cv-01689 (FB)(LKE)**

Dear Judge Block:

This firm represents Public Partnerships, LLC ("PPL"). Although it appears that the Court has already granted Plaintiffs' letter motion seeking to relate the above-captioned *Calderon* litigation to the above-captioned *Engesser* litigation, PPL respectfully submits this response to PPL's letter motion to demonstrate the material differences between the two cases.

First and foremost, as the Court knows, on July 5, 2025, the parties in *Engesser* filed a *Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement* (DE 120), indicating that the parties in that case have reached a tentative settlement. On July 7, 2025, the Court granted the Motion (DE 125). Therefore, in addition to PPL's arguments below on the merits, the settlement of the *Engesser* case further demonstrates that, to the extent there had even arguably been any efficiency in proceeding with the active litigation of both *Engesser* and *Calderon* under the same judge, that alleged efficiency no longer exists and is moot.

Turning to Plaintiffs' arguments, Plaintiffs' motion asserts that both cases stem from the same transaction or events. In fact, critical distinctions in factual backgrounds, allegations, parties, legal theories, and requested relief demonstrate that these two proceedings do *not* arise from the same nucleus of operative facts at all, nor are they materially similar in any way.

Unlike *Engesser*—which focuses on the administration of Medicaid benefits, consumer enrollment, and alleged denials of home care services—*Calderon* focuses on wage-and-hour claims by employees. In *Engesser*, the plaintiffs are Medicaid Consumers who challenge how the State's Department of Health allegedly disrupted their receipt of home care hours. In contrast, *Calderon* consists of employee-driven claims for wage underpayments, late payment of wages, alleged benefit misallocations, and other wage-related claims. More specifically, *Engesser* requires adjudication of whether Consumers suffered undue interruption of planned care services or were denied coverage in violation of Medicaid regulations. *Calderon* instead requires adjudications relating to payroll processes, timekeeping systems, wage statements, alleged unauthorized benefit deductions, and suspected overtime violations. Because *Engesser* focuses on Medicaid coverage for Consumers, while *Calderon* focuses on compensation for personal assistants, the cases entail entirely different factual bases, applicable statutes, claim elements, defenses, legal analyses, and requested relief. As such, the fundamental legal issues, factual






inquiries, and relief sought in *Calderon* differ materially from those in *Engesser*, and relating such cases would not simplify judicial management or preserve resources, nor would it serve either convenience or economy.

Moreover, *Engesser* has seen extensive briefing specific to consumer coverage issues under Medicaid and health-based statutes, which diverge from the wage-and-hour discovery, wage and labor laws, and class certification considerations at the heart of *Calderon,* which is still in the pleading stage. Consequently, the separate procedural postures of these cases and their differing standards negate any efficiency advantage in relating them.

*Calderon* has nothing to do with the Department of Health's transition to PPL as a fiscal intermediary, which is the core of *Engesser*. To the contrary, the *Calderon* plaintiffs' allegations and requested relief relate entirely to events occurring *after* that transition as only after the transition did the *Calderon* plaintiffs start working for PPL and, by extension, become eligible to receive the wages at issue in the case. Similarly, Plaintiffs attempt to argue that both *Calderon* and *Engesser* involve violations of the respective plaintiffs' alleged rights. However, as demonstrated above, the plaintiffs are completely different; the legal rights in question are completely different, arising from different statutes; the elements of the respective plaintiffs' claims are completely different; and their respective requested relief is completely different.

Although both *Engesser* and *Calderon* mention the role of PPL as a fiscal intermediary, this single high-level fact does not create a related factual background or legal theory. Contrary to Plaintiffs' motion, relating these two actions under the same judge will not achieve any "substantial saving of judicial resources." Any minor factual overlap is overshadowed by the distinct legal and factual inquiries each case requires. Adjudicating the cases separately ensures that the voluminous wage records, paystubs, and other evidence relevant in *Calderon* do not impede or complicate *Engesser*'s focus on consumer coverage and Medicaid regulations. Plaintiffs' cited legal authority is also distinguishable. For example, Plaintiffs cite *United States v. Astra Motor Cars*, 352 F. Supp.2d 370, 373 (E.D.N.Y. 2005), for the proposition that cases should be related where the evidence between two cases "is virtually identical." However, between the *Calderon* and *Engesser* cases, in light of all of the differences described above, there will be practically *no* common evidence.

In total, the following table demonstrates the glaring differences between the two cases:

| | ***Engesser*** | ***Calderon*** |
|---|---|---|
| Plaintiffs | Liza Engesser, Marisol Getchius, Geetanjali Seepersaud, Maria Jaime, Y.P.S., and C.P. | Philip Calderon, Farshad Pinchasi, Allison Fields, and Dana Folgar |
| Description of Plaintiffs | Medicaid consumers who require long-term home care services. | Personal assistants employed by PPL. |
| Defendant | James V. McDonald | PPL |
| Description of Defendant | The Commissioner of the NYS Department of Health is responsible for ensuring that Consumer Directed Personal Assistance Program ("CDPAP") participants transition | PPL was contracted to jointly employ more than 300,000 personal assistants. |





| | | | |
|---|---|---|---|
| | from their prior Fiscal Intermediary to PPL without a loss of services. | | |
| Summary of claims | Plaintiffs bring this lawsuit on behalf of CDPAP participants to seek an extension of the transition deadline and other relief. | | Plaintiffs allege that they have not been paid by PPL for all hours worked, were paid late, or were not paid the legally-required rate. |
| Description of class(es) | All individuals who receive CDPAP services, who have not completed enrollment, or whose Personal Assistant(s) have not completed registration. | | All current and former personal assistants employed by PPL in the five boroughs of New York City and Nassau, Suffolk, and Westchester Counties, who have not been paid on time or for all hours worked or at the legally required rate of pay. |
| Cause(s) of action | 1. Defendant failed to ensure that Plaintiffs will have their services continued at their current level, without a gap in care, until and unless they either enroll with PPL or receive a timely and adequate notice of their right to aid continuing and an opportunity for a Fair Hearing. | | 1. Violations of the FLSA.<br>2. Violations of NYLL and New York Home Care Worker Wage Parity Act.<br>3. Violations of NYLL and New York Home Care Worker Wage Parity Act.<br>4. Violations of New York Home Care Worker Wage Parity Act: Breach of Contract. |
| Relief sought | Declaratory relief regarding Medicaid consumers' rights and benefits under CDPAP, injunctive relief regarding same, attorneys' fees and costs. | | Declaratory relief regarding unpaid wages to Plaintiffs, compensatory damages of such wages, liquidated damages, attorneys' fees and costs. |

When the cases are viewed side by side, it is immediately evident that there is no overlap whatsoever between them, nor is there even any meaningful similarity between them. The *only* similarity between them is that the defendant in the *Calderon* matter, i.e., PPL, is referenced in the *Engesser* matter. Everything else about the cases is completely different.

In short, the substantial and material distinctions between these two cases weigh strongly against any finding of relatedness, and neither judicial efficiency nor consistency will be advanced by relating *Calderon* to *Engesser*.

Although the Court has already granted Plaintiffs' letter motion, PPL respectfully informs the Court of these issues as the *Calderon* case moves forward.

Thank you for your consideration of this matter.

Respectfully submitted,

*Daniel L. Messeloff*
Daniel L. Messeloff, Esq.

cc: Plaintiffs' counsel
Irene Oria, Esq.