UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

| | |
|---|---|
| PHILIP CALDERON, FARSHAD PINCHASI, ALLISON FIELDS, and DANA FOLGAR, *on their own behalf and on behalf of all others similarly situated,*<br><br>*Plaintiffs*,<br><br>– against –<br><br>PUBLIC PARTNERSHIPS LLC,<br><br>*Defendant.* | Civ. Action No.:<br>**25-cv-02320 (FB)(LKE)**<br><br>**ORDER TO AUTHORIZE DISCLOSURE OF DATA** |

----------------------------------------x

On the joint motion of the parties, and with no opposition from the New York State Department of Health, pursuant to Federal Rules of Civil Procedure 1 and 37(a)(1), **IT IS HEREBY ORDERED**:

1. The Court hereby finds that the disclosure of relevant documents and data concerning the Proposed Class and Proposed Collective in this action may facilitate the just, speedy, and inexpensive settlement of this action.

2. Accordingly, the Court orders the New York State Department of Health ("DOH") to authorize Defendant Public Partnerships, LLC ("PPL"), and the Court hereby authorizes PPL, to disclose, for purposes of settlement, and/or mediation all or any portion of the following categories of Authorized Data (as defined below), as agreed to by the parties during settlement negotiations or by PPL during the normal course of discovery in the litigation, to counsel for all parties, and the parties' retained experts/agents, provided that each entity receiving Authorized Data has signed Appendix A of this Court's Protective Order, ECF No. 26, prior to receiving all or any portion of the Authorized Data:

a. A full class list[1] with unique identifier (i.e., "Employee ID," or other identifier that match identifiers in time and pay records, or with key provided to connect them) that provides County worked, first date employed, and last date employed.[2]

b. Machine readable electronic versions of payroll register and/or payroll detail reports for the full class, that provide pay period dates, hours worked, wages paid, deductions, and paid time off, and to the extent not reflected in "deductions," Wage Parity Statement information detailed on paystubs.

c. Machine readable electronic versions of all-time records for the full class (accounting for data pulled from Time4Care, Telephony, PPL@Home, and inputted from paper timesheets).

d. To the extent not reflected in payroll records, for the full class: hours eligible for Wage Parity Supplemental Flexible benefit credits as detailed in the enrollment portal by month, and actual allocations as applied for Basic Wellness Health Plan, Flex Card, Indemnity Policy, and Critical Illness Policy

---

[1] The Proposed Class is defined in Paragraph 3(a) solely for purposes of this Order. The parties' consent to this Order does not constitute acceptance of or agreement to the definition of the Class or Collective set forth herein. PPL retains all of its rights and defenses, including, but not limited to, challenging the definition of the Class or Collective set forth in this Order or any operative pleading throughout the litigation., and Plaintiffs retain all of their rights to assert appropriate definitions of the Class and Collective.

[2] For the Proposed Class Representatives and all opt-in plaintiffs as of the date of this Order, DOH is also hereby ordered to authorize the release of a key identifying which unique identifiers correspond to those individuals, to the extent that Employee ID is not used as a unique identifier, as part of an initial sample of data records to allow Plaintiffs' counsel to verify the sufficiency of the data to be produced for settlement purposes.

In the event that the Parties reach a proposed settlement, DOH is hereby ordered to authorize the release of, and PPL is hereby authorized by the Court to release, the personal assistants' identifying information for settlement purposes only.

    e. All such records shall contain the same unique identifiers that are used in the list provided pursuant to Paragraph 2(a)

(Collectively, the documents and information set forth in Paragraphs 2(a) through 2(d) shall be referred to as the "Authorized Data").

3. For purposes of this Order, the class of individuals for whom the DOH is ordered to authorize PPL to produce, and for whom PPL is hereby authorized by the Court to produce, all or any portion of the Authorized Data is:

    a. All current and former personal assistants employed by Public Partnerships, LLC in the five boroughs of New York City and Nassau, Suffolk, and Westchester Counties at any time between April 1, 2025 and the date of final judgment in this action.

4. This Order shall not be construed to require PPL to produce any or all of the Authorized Data in this litigation. PPL retains its rights to object to the: (a) production of any or all of the Authorized Data as part of the normal discovery process in this litigation; or (b) relevance or admissibility of any or all of the Authorized Data.

5. The DOH shall comply with the terms of this Order – and authorize PPL to release all or any portion of the Authorized Data – within two business days of the issuance of this Order.

**IT IS SO ORDERED:**

Dated: 9/25/2025  
Brooklyn, New York

/s/ Lara K. Eshkenazi  
HONORABLE LARA K. ESHKENAZI  
United States Magistrate Judge