

42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Roy Salins**
212-603-6435 tel
roysalins@dwt.com

July 8, 2026

**<u>Via ECF</u>**
Hon. Lara K. Eshkanazi
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     <u>*Calderon, et al. v. Public Partnerships, LLC*, No. 1:25-cv-02320 (FB) (LKE) – Proposed Briefing Schedule, Jointly Submitted</u>

Dear Judge Eshkenazi,

This firm represents Defendant Public Partnerships, LLC ("PPL") in the above-referenced matter. Pursuant to the Court's Order, dated July 1, 2026 (ECF No. 58), the parties write jointly to propose the briefing schedule set forth below regarding PPL's proposed voluntary dispute resolution agreement:

1.  **July 20, 2026**: deadline for PPL to file its motion.

2.  **August 7, 2026**: deadline for Plaintiffs to file their opposition.

3.  **August 14, 2026**: deadline for PPL to file its reply.

This briefing schedule will not interfere with or delay sending the approved notices to the Settlement Class. The parties anticipate that notice will be sent by email and text message no later than July 23, 2026, in accordance with the parties' Settlement Agreement and the Court's Order granting Plaintiffs' motion for preliminary approval.

The parties propose filing letter briefs of no more than 10 pages (excluding exhibits) in lieu of formal motion papers. Assuming this is acceptable to the Court, we thank Your Honor in advance for so ordering the proposed briefing schedule.

Finally, the parties wish to address jointly the letter docketed yesterday by Emina Poricanin. ECF No. 61. Ms. Poricanin is counsel for the plaintiffs in the matter captioned *Flanagan v. Public Partnerships LLC* pending in the Western District of New York. *See Flanagan et al v. Public Partnerships, LLC*, No. 25-cv-06625 (W.D.N.Y 2025). The *Calderon* and *Flanagan* matters involve distinct geographies, claims, and legal interests. For instance, in *Flanagan*, the plaintiffs seek to represent a class consisting of upstate personal assistants only. The claims at issue in *Calderon* are distinct insofar as the upstate personal assistants who the

*Flanagan* plaintiffs seek to represent are ineligible for the supplemental compensation set forth in the Home Care Worker Wage Parity Act, N.Y. Pub. Health L. § 3614-c(3), which requires supplemental compensation for personal assistants in New York City, Long Island, and Westchester County only.

In any event, and as I shared with Your Honor at last week's fairness hearing, PPL is committed to being forthcoming and transparent in its anticipated rollout of the proposed voluntary dispute resolution agreement.  We thank the Court for its consideration.

Respectfully submitted,

*/s/ Roy P. Salins*

Roy P. Salins