# KATZ BANKS KUMIN

**Hugh Baran, Partner**
**Phone: 646-759-4501**
**Email: baran@katzbanks.com**

July 10, 2026

<u>**Via ECF**</u>

The Hon. Lara K. Eshkenazi, United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

      Re:    *Philip Calderon, et al. v. Public Partnerships, LLC*, No. 25-cv-02320 (FB)(LKE)

Dear Judge Eshkenazi:

      Katz Banks Kumin LLP and The Legal Aid Society represent Plaintiffs and Class Representatives Philip Calderon, Farshad Pinchasi, Allison Fields, and Dana Folgar, and the preliminarily certified Settlement Class of downstate personal assistants in the above-referenced matter. We write in response to the letter submitted on July 9, 2026, by Emina Poricanin on behalf of Johnnie Flanagan, ECF No. 63.

      As your Honor is aware, Ms. Poricanin represents two personal assistants—Johnnie Flanagan and Laura Chapman—who are seeking to represent a class and collective of personal assistants working in the upstate counties through the fiscal intermediary Public Partnerships, LLC ("PPL"). *See Flanagan v. Public Partnerships, LLC*, 6:25-cv-06225 (W.D.N.Y.). There has been no formal discovery pending mediation in the U.S. District Court for the Western District of New York, where the two upstate plaintiffs reside and work as personal assistants. Those plaintiffs have not moved for certification of a Fair Labor Standards Act collective, or a class. The parties in that case have scheduled a mediation concerning an upstate personal assistant class for July 30, 2026. Indeed, a joint letter filed by PPL and Ms. Poricanin explicitly stated that mediation would concern an upstate class only. *See Flanagan*, ECF No. 35 (attached as Ex. 1).

      While Ms. Poricanin is correct that a statewide arbitration provision by PPL would likely impact all personal assistants in New York State, those concerns are not before the Court here. The Court, simply put, has no jurisdiction over a statewide implementation of an arbitration policy. Rather, the Court has jurisdiction over the policy insofar as Defendant raised its intent to communicate with Settlement Class members about this policy during the notice period in the instant case. Class Representatives oppose those communications pursuant to the Court's authority under Federal Rule of Civil Procedure 23(d) to limit communications with class members to avoid confusion about any potential impact of the provision on the settlement and, more generally, to ensure the efficacy and clarity of notice meets due process requirements. Ms. Poricanin's letters have no bearing on this Court's continued oversight of the *Calderon* notice process. She should not be permitted to muddy the issues before this Court by filing irrelevant arguments on behalf of nonparties.

      Further, Ms. Poricanin's new assertion that there is "significant overlap" between the preliminarily-approved *Calderon* matter and the pending *Flanagan* matter is contrary to her previous statements. For example, on April 28, 2025, Ms. Poricanin widely circulated an email

that made clear that the *Calderon* Settlement Class and the two upstate plaintiffs were distinct, stating that the "[Calderon] lawsuit is different from the lawsuit that I filed," and listing the reasons. *See* Ex. 2. Ms. Poricanin also stated in that email that she was looking for plaintiffs to file a separate downstate lawsuit concerning Wage Parity Act violations—a lawsuit she never filed. *Id.* On May 4, 2025, Ms. Poricanin again stated in an email circulated to many individuals that she would be filing a new class action lawsuit based on Wage Parity Act violations—implicitly acknowledging such claims, which as discussed in our moving papers in support of preliminary approval are typical of all *Calderon* Settlement Class members, were not encompassed in her *Flanagan* lawsuit. *See* Ex. 3. Again, she never filed such a lawsuit. Finally, as noted above, on June 1, 2026, PPL and Ms. Poricanin submitted a joint letter to the Honorable Colleen D. Holland in the Western District stating that the two upstate plaintiffs bring claims "on behalf of themselves and a proposed class of all other similarly situated Personal Assistants in New York State, *excluding those who worked in New York City and Nassau, Suffolk, and Westchester Counties.*" *Flanagan*, ECF No. 35, n.1 (attached as Ex. 1) (emphasis added). Accordingly, Ms. Poricanin's assertion that the proposed upstate class overlaps with the *Calderon* class is belied by her own statements to the contrary.

The two upstate plaintiffs have no standing to be heard in this forum. They are not members of the *Calderon* Settlement Class or otherwise parties to this action. They have not sought to intervene, nor could they meet the applicable standards for intervention given the current posture of this action. *See In re Austrian & German Bank Holocaust Litig.*, 225 F.3d 191, 198 (2d Cir. 2000) (motion to intervene was untimely and unduly prejudicial to existing parties after preliminary certification of settlement class and approval of settlement); *see also Allen v. Dairy Farmers of Am., Inc.*, 2011 WL 1706778, at *6-7 (D.Vt. May 4, 2011) (motion to intervene untimely when made shortly before preliminary certification of settlement class and preliminary approval of settlement, with no prejudice to intervenor who had recourse to separate lawsuit).

The *Calderon* Class Representatives can more than adequately represent the interests of the Settlement Class in opposing the rollout of an arbitration policy by PPL pending final approval of the settlement—and will do so in their forthcoming opposition brief. As discussed at the hearing, the *Calderon* plaintiffs oppose the rollout of a new arbitration policy based on the high probability that it would confuse the downstate Settlement Class during the notice period and run-up to final approval. To the extent that the *potential* upstate *Flanagan* class may be impacted by any Court-ordered delay in the rollout of this arbitration policy—i.e., if PPL voluntarily delays implementing such a policy until it can do so statewide—that is incidental to the issue before this Court, which solely concerns how communications by PPL about the proposed arbitration policy would impact the certified Settlement Class and the settlement notice process.

If the Court decides to exercise its authority under Rule 23(d) to limit PPL's communications about an arbitration policy with the Settlement Class prior to final approval, the two upstate plaintiffs are not prejudiced in any way. If the Court decides to allow PPL to communicate about that policy over the Class Representatives' opposition, the two upstate plaintiffs may seek relief in their action concerning communications to the putative upstate class. Moreover, the two upstate plaintiffs are free to seek such relief right now in that action; they need not wait for any ruling from this Court.

# KATZ BANKS KUMIN

In sum, the Court should not consider the arguments of non-parties with no interest in this case who are litigating their claims in another forum. The Class Representatives therefore respectfully request that Your Honor deny Ms. Poricanin's ill-timed request to file irrelevant arguments concerning Defendant's proposed communication with the Settlement Class, which would confuse the issues that are before the Court.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

**KATZ BANKS KUMIN LLP**

/s/ Hugh Baran
Hugh Baran (he/him)
Emma Walters (she/her)
111 Broadway, Suite 1403
New York, NY 10006
(646) 759-4501
Baran@katzbanks.com
Walters@katzbanks.com

**THE LEGAL AID SOCIETY**
B. Franco Olshansky
Richard Blum
Rebekah Cook-Mack
Michael Diller
Belkys Garcia
Elizabeth Saylor
Rebecca Antar
49 Thomas Street, Fl 5
New York, NY 10013
(332) 227-7291
bfrancoolshansky@legal-aid.org
rblum@legal-aid.org
rcook-mack@legal-aid.org
mdiller@legal-aid.org
brgarcia@legal-aid.org
esaylor@legal-aid.org
rantar@legal-aid.org

*Counsel for Plaintiffs & the Settlement Class*

cc:     All counsel (via ECF)