*** Filed ***
12:19 AM, 31 Oct, 2026
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK
———————————————————— X

PHILIP CALDERON, FARSHAD PINCHASI, ALLISON FIELDS, and DANA FOLGAR, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

-against-

**PUBLIC PARTNERSHIPS, LLC,**

Defendant.

———————————————————— X

**Case No. 1:25-cv-02320 (FB)(LKE)**

**NONPARTY MOVANT'S REQUEST FOR PREMOTION CONFERENCE OR PROCEDURAL DIRECTIONS CONCERNING LIMITED-PURPOSE INTERVENTION AND EXISTING INDIVIDUALIZED SETTLEMENT RECORDS**

**October 31, 2026**

The Honorable Frederic Block
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Block:

I respectfully request a premotion conference or, alternatively, procedural directions and a briefing schedule concerning an anticipated motion under Federal Rule of Civil Procedure 24(b) for limited-purpose intervention and narrowly tailored relief concerning existing individualized settlement-administration records.

I am a pro se nonparty who timely excluded himself from the proposed *Calderon* settlement. The exclusion list identifies me at ECF No. 82-4, Exhibit 2, page 3, PageID 853, No. 30. I do not seek reinstatement, settlement proceeds, changes to distributions, or postponement of final settlement approval.

Before the September 19, 2026 exclusion deadline, I requested individualized calculation information through Class Counsel and Settlement Administrator Atticus Administration, LLC. On September 12, Class Counsel Hugh Baran communicated results attributed to Plaintiffs' data expert's analysis of PPL records: 1,573.50 hours worked and paid during March 1, 2025 through April 30, 2026; historical PTO figures; monetary allocations totaling $752.91; and a determination concerning the $50 sign-on bonus component.

The anticipated motion seeks the existing historical record memorializing those individualized calculations, not a new settlement award or a recalculation of my wages. Although Class Counsel provided numerical results, the correspondence did not identify every historical input, calculation version, or recorded eligibility determination underlying those results. A later computation from preserved payroll records would not necessarily establish precisely what historical information was used.

The principal requested category is any existing participant-specific administrative estimate, allocation output, account entry, or equivalent historical record reflecting the communicated calculations. Existing individualized explanatory entries would be requested secondarily, only if actually retained and legally disclosable. I do not assume that Atticus possesses Plaintiffs' data expert's internal worksheet or that such a worksheet is automatically discoverable.

The proposed application is narrower than my October 23 voluntary request. It excludes comparative statistics, general EVV and payroll-processing records, comprehensive PPL payroll databases, other workers' information, confidential mediation communications, and new expert analysis.

The proposed motion will address the framework established in *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560 (2d Cir. 2005), and *Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*, No. 22-cv-10904 (JSR) (S.D.N.Y. June 28, 2024), concerning nonparty intervention, protective-order modification, and collateral discovery restrictions.

Any authorized disclosure would remain subject to *Calderon*'s Protective Order, ECF No. 26, its Order Authorizing Disclosure of Data, ECF No. 32, and any authorization required under the operative discovery stay in *Stephen v. Public Partnerships, LLC*, No. 1:25-cv-03895-NRM-LKE. My Rule 72(a) objection in *Stephen*, ECF No. 58, remains pending. I do not request modification of that stay here.

I attempted voluntary resolution on October 23 and 27, 2026. On October 30, PPL's counsel objected on grounds including my exclusion and the *Stephen* discovery stay. Although that objection addressed my earlier, broader request, this letter gives counsel notice of the narrower historical-output category now contemplated. I remain willing to resolve that limited request consensually without further motion practice.

Because the anticipated motion combines Rule 24 intervention, possible confidentiality relief, and questions concerning records maintained by distinct custodians, I respectfully request that the Court:

1. Conduct a premotion conference or establish a definite briefing schedule without a conference;
2. Specify the applicable procedure for presenting the intervention and related protective-order issues, including service, the timing of service of motion papers, and the timing of filing the fully briefed motion;
3. Specify whether additional notice to Atticus or another affected nonparty custodian should be provided if the Court permits the application to proceed; and
4. Permit the collateral application to proceed on a schedule that does not postpone the November 10, 2026 final-approval hearing.

I submit this letter under the Court's premotion practices and, alternatively, as a request for procedural directions concerning a nonparty's initial intervention application. I also request confirmation of the appropriate procedure for submitting the proposed intervention papers through the EDNY Pro Se Electronic Document Submission Portal.

This letter is not the completed Rule 24(c) motion and does not request immediate production, a compelled custody inquiry, or an ex parte disclosure ruling.

Respectfully submitted,

/s/ Daryl Stephen
Daryl Stephen
Nonparty Movant, Pro Se
1316 Sterling Place, Apt. 1R
Brooklyn, NY 11213
ds027c@icloud.com
917-547-2145

**CERTIFICATE OF SERVICE**

I, Daryl Stephen, certify that on October 31, 2026, I served a true and correct copy of the Nonparty Movant's Request for Premotion Conference or Procedural Directions Concerning Limited-Purpose Intervention and Existing Individualized Settlement Records upon counsel for the existing parties in *Calderon v. Public Partnerships, LLC*, No. 1:25-cv-02320 (FB)(LKE), as follows:

**Counsel for Plaintiffs:**

Hugh Baran
Katz Banks Kumin LLP
baran@katzbanks.com

Richard Elliot Blum
The Legal Aid Society
rblum@legal-aid.org

**Counsel for Defendant Public Partnerships, LLC:**

Roy P. Salins
Davis Wright Tremaine LLP
roysalins@dwt.com

Michael John Goettig
Davis Wright Tremaine LLP
mgoettig@gmail.com

The foregoing papers were transmitted to the designated email addresses on the date stated above.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 31, 2026
Brooklyn, New York

/s/ Daryl Stephen
Daryl Stephen
Nonparty Movant, Pro Se